IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO._____ |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **COMPLAINT** |
| | ) | JURY TRIAL DEMANDED |
| FASTENAL COMPANY, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("EPA") to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex. This is also an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to collect back wages due to Amanda Peters ("Peters") and Beverly Richardson ("Richardson") as a result of such unlawful payments, to correct unlawful employment practices on the basis of sex, and to provide other appropriate relief to Peters and Richardson who were adversely affected by such

practices.  As alleged with greater particularity in Paragraphs 20-46 below, the U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") alleges that Defendant, Fastenal Company ("Defendant"), subjected Peters and Richardson to unlawful discrimination by paying them lower wages than that paid to their male counterparts for performing substantially equal work.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the EPA, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d), and pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Pennsylvania.

## PARTIES

3.      Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission"), is the agency of the United States of America

charged with the administration, interpretation, and enforcement of Title VII and the EPA and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.     At all relevant times, Defendant has continuously been doing business in the Commonwealth of Pennsylvania and the City of Manchester and has continuously had at least 15 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701 (b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g), and (h).

6.     At all relevant times, Defendant has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7.     At all relevant times, Defendant has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i), and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i), and (j) and has continuously been an enterprise engaged in commerce or in the

production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that the enterprise has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

## ADMINISTRATIVE PROCEDURES

**A.   Amanda Peters**

8.     More than thirty days prior to the institution of this lawsuit, Amanda Peters filed a charge of discrimination with the Commission alleging violations of Title VII and the EPA by Defendant.

9.     On April 19, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that it violated the EPA and Title VII and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices described therein and to provide appropriate relief.

10.    The EEOC engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the

Letter of Determination.

11.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12.     On May 21, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation.

13.     All conditions precedent to the institution of this lawsuit have been fulfilled.

**B.     <u>Beverly Richardson</u>**

14.     More than thirty days prior to the institution of this lawsuit, Beverly Richardson filed a charge of discrimination with the Commission alleging violations of Title VII and the EPA by Defendant.

15.     On April 19, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that it violated the EPA and Title VII and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices described therein and to provide appropriate relief.

16.     The EEOC engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

17.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

18.     On May 21, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation.

19.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF TITLE VII CLAIMS

**A.     Amanda Peters**

20.     Beginning in or around May 2012 and throughout February 2017, Defendant engaged in unlawful employment practices at Defendant's Store PAEMG, located at 255 Glen Drive, Manchester, Pennsylvania, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by paying Peters lower wages than those paid to her male counterparts for performing substantially equal work.

21.     Since May 2012, Peters has worked as a part-time Sales Support employee at Defendant's Store PAEMG.

22.     From May 2012 through in or around August 2015, Defendant paid Peters $9.00 per hour.

23.     In or around October 2013, Defendant hired a male part-time Sales

Support employee, Chris Gugliotti ("Gugliotti"), at Store PAEMG, and paid Gugliotti $10.00 per hour until the end of his employment in or around August 2015.

24.     Gugliotti performed substantially equal duties as Peters, in the same establishment.

25.     Since at least October 2013 through in or around August 2015, Defendant paid Peters a lower hourly rate than Gugliotti.

26.     After requesting an increase in pay numerous times, Peters received a raise in or around August 2015, and Defendant began to pay her $10.00 per hour.

27.     In or around June 2016, Defendant hired a male part-time Sales Support employee, Malachi McMullen ("McMullen"), at Store PAEMG. Defendant hired McMullen at a rate of $12.00 per hour.

28.     McMullen performed substantially equal duties as Peters, in the same establishment.

29.     In or around September 2016, Defendant hired a male part-time Sales Support employee, Colby Murphy ("Murphy"), at Store PAEMG.  Defendant hired Murphy at a rate $12.00 per hour.

30.     Murphy performed substantially equal duties as Peters, in the same establishment.

31.     Since at least June 2016 through in or around February 2017, Defendant paid Peters a lower hourly rate than McMullen and Murphy.

32.     After learning that Defendant was paying new hires $12.00 per hour, Peters made several requests to her direct supervisor, General Manager Scott Hartzel ("Hartzel"), for an additional pay increase because she performed the same job duties as new hires, trained new hires, and had more experience.

33.     In or around May 2016, Hartzel asked the decision-maker, District Manager Brett Wenger ("Wenger"), to raise Peters' pay to at least $11.00 per hour.

34.     Wenger refused to increase Peters' pay.

35.     In or around February 2017, after learning of Peters' EEOC charge, Defendant raised Peters' pay to $12.00 per hour.

36.     The effect of the practices complained of in Paragraphs 20 – 35 above have been to deprive Peters of equal pay, deny her equal employment opportunities, and otherwise adversely affect her status as an employee because of her sex.

**B.    Beverly Richardson**

37.     Beginning in or around October 2015 and throughout March 2017, Defendant engaged in unlawful employment practices at Defendant's Store

PAEMG, located at 255 Glen Drive, Manchester, Pennsylvania, in violation of Sections 703(a)(1) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) by paying Richardson lower wages than those paid to her male counterparts for performing substantially equal work.

38.     Since October 2015, Richardson has worked as a part-time Sales Support employee at Defendant's Store PAEMG.

39.     Richardson requested a starting pay rate of $12.00 per hour based on her college degree and experience.   General Manager Scott Hartzel told Richardson that there were no positions available that paid $12.00 per hour.

40.      From October 2015 through in or around March 2017, Defendant paid Richardson $11.00 per hour.

41.     In or around June 2016, Defendant hired a male part-time Sales Support employee, Malachi McMullen ("McMullen"), at Store PAEMG. Defendant hired McMullen at a rate of $12.00 per hour.

42.     McMullen performed substantially equal duties as Richardson, in the same establishment.

43.     In or around September 2016, Defendant hired a male part-time Sales Support employee, Colby Murphy ("Murphy"), at Store PAEMG.   Defendant hired Murphy at a rate $12.00 per hour.

44.     Murphy performed substantially equal duties as Richardson, in the same establishment.

45.     Since at least June 2016 through in or around March 2017, Defendant paid Richardson a lower hourly rate than McMullen and Murphy.

46.     In or around March 2017, Defendant, after learning of Richardson's EEOC charge, raised Richardson's pay to $12.00 per hour.

47.     The effect of the practices complained of in Paragraphs 37 – 46 above have been to deprive Richardson of equal pay, deny her equal employment opportunities, and otherwise adversely affect her status as an employee because of her sex.

48.     The unlawful employment practices complained of herein were intentional.

49.     The unlawful employment practices complained of herein were done with malice or with reckless indifference to Peters' and Richardson's federally protected rights.

## STATEMENT OF EQUAL PAY ACT CLAIMS

**A.    Amanda Peters**

50.     Beginning in or around May 2012 and throughout February 2017, Defendant violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2).

51.     The unlawful practices described in Paragraphs 20 – 35 above, which are incorporated herein, include paying wages to Peters at a rate less than the rate paid to male co-workers in the same establishment for substantially equal work, the performance of which requires equal skill, effort, and responsibility, and which is performed under similar working conditions.

52.     As a result of the acts described in Paragraphs 20 – 35 above, which are incorporated herein, Defendant unlawfully withheld the payment of wages due to Peters who received lower compensation than her male co-workers.

53.     The unlawful practices described in Paragraphs 20 – 35 were willful.

**B.    Beverly Richardson**

54.     Beginning in or around October 2015 and throughout February 2017, Defendant violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2).

55.     The unlawful practices described in Paragraphs 37 – 46 above, which are incorporated herein, include paying wages to Richardson at a rate less than the rate paid to male co-workers in the same establishment for substantially equal

work, the performance of which requires equal skill, effort, and responsibility, and which is performed under similar working conditions.

56.     As a result of the acts described in Paragraphs 37 – 46 above, which are incorporated herein, Defendant unlawfully withheld the payment of wages due to Richardson who received lower compensation than her male co-workers.

57.     The unlawful practices described in Paragraphs 37 – 46 were willful.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating within any of its establishments between employees on the basis of sex, by paying wages to employees of one sex at rates less than the rates at which it pays wages to employees of the opposite sex for substantially equal work on jobs, the performance of which, require equal skill, effort, and responsibility, and which are performed under similar working conditions;

B.     Order Defendant to institute and carry out training, policies, practices, and programs which provide equal employment opportunities for women, and which prevent unlawful compensation discrimination from occurring in the future,

and which eradicate the effects of its past and present unlawful employment practices;

      C.      Order Defendant to make Peters and Richardson whole by providing them appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described above;

      D.      Grant a judgment requiring Defendant to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Peters and Richardson whose wages were unlawfully withheld as a result of the unlawful employment practices described above;

      E.      Order Defendant to make Peters and Richardson whole by providing compensation for past pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, suffering, depression, inconvenience, loss of enjoyment of life, embarrassment, degradation, and humiliation, in amounts to be determined at trial;

      F.      Order Defendant to pay Peters and Richardson punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial;

G.     Grant such further relief as the Court deems necessary and proper in the public interest; and

H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

s/ Maria Luisa Morocco
MARIA LUISA MOROCCO
Supervisory Trial Attorney

s/ Ashley M. Martin
ASHLEY M. MARTIN
Trial Attorney
EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
Washington Field Office
131 M Street, N.E. Suite 4NW02F

Washington, DC 20507
Phone:  (202) 419-0749
Fax:     (202) 653-6053
Ashley.Martin@eeoc.gov
PA 313607

Dated:              September 5, 2018