IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) No. 1:18-cv-01753-CCC |
| Plaintiff. | ) ) ) |
| v. | ) ) |
| FASTENAL COMPANY | ) ) ) ) ) ) |
| Defendant. | ) ) |

## CONSENT DECREE

On September 5, 2018, Plaintiff, the U.S. Equal Employment Opportunity Commission ("Plaintiff" or "Commission" or "EEOC") brought this action against Defendant, Fastenal Company ("Defendant") under the Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("EPA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991, alleging that Defendant subjected Amanda Peters ("Peters") and Beverly Richardson ("Richardson") to unlawful discrimination by paying them lower wages than those paid to their male counterparts for performing substantially equal work.  Defendant denies that it has violated the EPA and/or Title VII with respect to Peters and/or Richardson.  The parties desire to resolve this action without the time and expense of continued litigation and, as a result, have jointly formulated a plan to be embodied in a Consent Decree ("Decree").

The Court has examined this Decree and finds that it is reasonable, just, and in accordance with the Federal Rules of Civil Procedure, the EPA, and Title VII.  Therefore, upon due

1

consideration of the record herein and being fully advised in the premises, it is ORDERED, ADJUDGED, AND DECREED:

### Scope of Decree

1. This Decree resolves all issues and claims alleged in the Complaint filed by the Commission in this action, the Charge of Discrimination filed by Peters (EEOC Charge No. 530-2017-00315), and the Charge of Discrimination filed by Richardson (EEOC Charge No. 530-2017-00723).  This Decree in no way affects the Commission's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such charges as the Commission sees fit.

2. This Decree, and Defendant's obligations herein, shall apply to Defendant's PAEMG store in Manchester, Pennsylvania.

3. This Decree, and Defendant's obligations herein, shall be in effect for a period of two (2) years from the date it is entered by the Court.  Notwithstanding the foregoing, if the Court determines that Defendant has failed to meet the established terms at the end of two (2) years, the duration of the Decree may be extended.

### Monetary Relief

4. Within thirty (30) days after entry of this Decree, Defendant shall send Peters a check in the amount of $11,396.00, less applicable withholdings, for back pay, and a check in the amount of $28,604 for liquidated damages and other damages sought pursuant to 42 U.S.C. § 1981a(b) (collectively "other damages").  For the 2019 tax year, Defendant shall issue to Peters an IRS Form W-2 reflecting the back pay amount and an IRS Form 1099 reflecting the other damages amount.  The checks and IRS Forms shall be sent directly to Peters at the address provided by the Commission. Within seven (7) days of such payment, Defendant

shall send a photocopy of the checks, along with a photocopy of the certified mail receipt or other documentation of delivery, to the EEOC's counsel of record at the Washington Field Office.

5. Within thirty (30) days after entry of this Decree, Defendant shall send Richardson a check in the amount of $1,844.00, less applicable withholdings, for back pay, and a check in the amount of $8,156 for liquidated damages and other damages sought pursuant to 42 U.S.C. § 1981a(b) (collectively "other damages"). For the 2019 tax year, Defendant shall issue to Richardson an IRS Form W-2 reflecting the back pay amount and an IRS Form 1099 reflecting the other damages amount. The checks and IRS Forms shall be sent directly to Richardson at the address provided by the Commission. Within seven (7) days of such payment, Defendant shall send a photocopy of the checks, along with a photocopy of the certified mail receipt or other documentation of delivery, to the EEOC's counsel of record at the Washington Field Office.

### Injunctive Relief

6. Defendant, its officers, agents, servants, employees, successors, and assigns, are hereby enjoined from discriminating on the basis of sex with respect to wages. Such sex-based discrimination violates the Equal Pay Act, which, in part, is set forth below:

> No employer . . . shall discriminate, within any establishment in which such employees are employed between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which [the employer] pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.

29 U.S.C. § 206(d)(1).

Such sex-based discrimination also violates Title VII, which, in part, is set forth below:

> It shall be an unlawful employment practice for an employer --
> (1) . . . to discriminate against any individual with respect to [his or her] . . . terms, conditions, or privileges of employment, because of such individual's . . . sex . . . .

42 U.S.C. § 2000e-2(a)(1).

### Non-Retaliation

7. Defendant shall not retaliate, coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of any right granted and protected by the EPA or Title VII.

### Employment Policies and Related Complaint Procedures

8. Defendant shall retain its current EEO policies that prohibit gender-based pay discrimination and adverse employment actions based on information-sharing regarding rates of pay.

### Training

9. The General Manager and District Manager responsible for making employment decisions regarding Peters and Richardson during the relevant time period are no longer employed by Defendant. Therefore, within ninety (90) days from the date of the entry of this Decree, Defendant shall provide training on the EPA and Title VII, with a specific emphasis on preventing sex-based pay discrimination, to the District Manager and the General Manager now overseeing the PAEMG store. This one-hour training shall also address the proper methods of receiving, communicating, investigating, and resolving complaints of pay discrimination.

10. Defendant shall provide the aforementioned training to any newly hired or appointed District Manager or General Manager overseeing the PAEMG store during the duration of

4

the Decree. This training can be a recording of the initial training that was provided pursuant to paragraph 9.

**Posting**

11. Within fifteen (15) business days after the entry of this Consent Decree, Defendant shall post an "8 ½ x 11" notice, Attachment A, at the PAEMG store, in places visually accessible to the employees there.  The Notice shall be posted and maintained for the duration of the Decree and shall be signed by the Regional Vice-President of the region in which the PAEMG store is located with the date of actual posting shown. Within ten (10) business days of the posting, Defendant shall send to the Commission's counsel of record in the Washington Field Office a copy of the signed Notice attached hereto, written certification that the Notice has been posted, and a statement of the locations and date(s) of posting.

**Monitoring & Reporting Requirements**

12. The EEOC has the right to monitor and review compliance with this Decree.  Accordingly:
    a. Within ten (10) business days of the completion of each training component referenced in paragraphs 9 and 10, Defendant shall provide written certification to the Commission's counsel of record in the Washington Field Office that such training has occurred.
    b. Defendant shall retain the pay data for all Sales Associates who work at the PAEMG store, as required by state and federal law. This data should include the employee's full name, job title, sex, and pay rate.
    c. Defendant shall report on the rate of pay upon hire, and on any increase in pay, of any male at the PAEMG store in a part-time Sales Support position who is paid more than any woman in that same position at that location. Defendant shall provide this

information to EEOC counsel of record at the Washington Field Office within seven (7) days after the hire date or effective date of the pay increase. This report shall include the name of the male employee, his date of hire, his application and/or resume as maintained in his personnel file, and Defendant's justification for the rate of pay.

### **Dispute Resolution and Complaint Review**

13. For the duration of the Decree, the Court shall retain jurisdiction over this matter and the parties to enforce compliance with the Decree, including by issuing such orders as may be required to effectuate the purpose of the Decree.

14. Upon motion of the EEOC, the Court may schedule a hearing for the purpose of reviewing possible non-compliance with this Decree. Prior to such motion, the EEOC shall notify Defendant, in writing, of the alleged non-compliance. Upon receipt of written notice, Defendant shall have thirty (30) days either to correct the alleged non-compliance, and so inform the Commission, or fourteen (14) days to deny the alleged non-compliance, in writing.

15. If the parties cannot in good faith resolve their dispute, the EEOC may file with the Court a motion to correct and remedy the breach.

### **Miscellaneous Provisions**

16. The Commission and Defendant shall bear their own costs and attorneys' fees.

17. All claims brought by the Commission against the Defendant in the instant action are hereby dismissed with prejudice, subject to this Court's jurisdiction to enforce the provisions of this Decree.

18. The terms of the Decree are and shall be binding upon (a) Defendant; (b) all present and future parents of Defendant; (c) all present and future subsidiaries of Defendant; and (d) all

present and future owners, officers, directors, employees, agents, trustees, administrators, successors, representatives, or assigns of Defendant.

19. This Decree constitutes the entire agreement and commitments of the parties. Any modifications to this agreement shall be mutually agreed upon and memorialized in a separate writing signed by Defendant and the Commission and approved by the Court.

20. Any report or notification to the EEOC required under this Consent Decree shall be sent to the Commission's counsel of record in the Washington Field Office.

The parties and the undersigned counsel of record in the above-captioned action hereby consent to the entry of the foregoing Consent Decree.

Respectfully submitted,

FOR PLAINTIFF

*/s/ Debra M. Lawrence*
DEBRA M. LAWRENCE
Regional Attorney

*/s/ Maria L. Morocco*
MARIA L. MOROCCO
Supervisory Trial Attorney
Counsel of Record
U.S. EEOC
Washington Field Office
131 M Street, N.E., Fourth Floor
Washington, D.C. 20507
Phone: 202-419-0724
maria.morocco@eeoc.gov

*/s/ John Brubaker*
JOHN BRUBAKER
Trial Attorney
U.S. EEOC
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107
Phone: 267-589-9762
John.brubaker@eeoc.gov

FOR DEFENDANT:

*/s/ Donald D. Gamburg*
Donald D. Gamburg
Jessica M. Bocchinfuso
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1735 Market Street, Suite 3000
Philadelphia, PA 19103
Phone: 215-995-2800
Fax: 215-995-2801
donald.gamburg@ogletree.com
jessica.bocchinfuso@ogletree.com